IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES** | * |
| | * |
| v. | *   Crim. Case No.:  SAG-11-0050 |
| | * |
| **HUBERT DOWNER,** | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

On January 4, 2013, Hubert Downer pleaded guilty to one count of murder in aid of racketeering.  ECF 263.  United States District Judge William D. Quarles Jr. sentenced Downer to 240 months in prison, to be followed by three years of supervised release.  ECF 429.  On February 11, 2021, Downer filed a *pro se* Motion for Compassionate Release, citing the COVID-19 pandemic, ECF 546.  Full briefing ensued, including the provision of Downer's medical records. ECF 566, 570, 572.  This Court has carefully reviewed the filings, and no hearing is necessary. See Loc. R. 105.6 (D. Md. 2018).  For the reasons that follow, Downer's Motion will be denied.

I.   **LEGAL STANDARDS**

As part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction."  *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018).  While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons."  § 603(b)(1).  Before a defendant's motion can be filed with the Court,

one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier.  *Id.*  Once a motion for compassionate release is properly filed, the Court follows a three-step inquiry: (1) determining whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release; (2) considering whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction; and (3) ensuring that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i); *United States v. High*, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021).

## II.   ANALYSIS

It appears that Downer adequately exhausted his administrative remedies.  *See* ECF 566 at 1 (acknowledging that Downer has met the administrative prerequisites).  However, even assuming that this gatekeeping requirement has been satisfied, Downer's Motion fails to establish an "extraordinary and compelling reason" warranting further consideration of compassionate release.

Congress has charged the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A).  28 U.S.C. § 994(t).  In response, the Commission defined "extraordinary and compelling reasons" to exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over sixty-five years old, has failing health, and has served at least ten years or seventy-five percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as

determined by the BOP. *See* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (A)–(D) (U.S. Sentencing Comm'n 2018) [hereinafter "U.S.S.G."]. Where the defendant files his own motion, though, this Court has authority to consider any "extraordinary and compelling reason" a defendant might raise, regardless of the BOP's more limited definitions. *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).

Relevant to this case, the COVID-19 pandemic can, in certain circumstances, give rise to an "extraordinary and compelling reason" for an inmate's release under the First Step Act. *High*, 2021 WL 1823289, at *3; *e.g.*, *Wise v. United States*, No. ELH-18-72, 2020 WL 2614816, at *6-8 (D. Md. May 22, 2020); *United States v. Gutman*, No. RDB-19-0069, 2020 WL 2467435, at *2 (D. Md. May 22, 2020). In this Court's view, the case law demonstrates that continued exposure to COVID-19 in an incarcerative setting might convert a medical condition that might not otherwise be deemed "serious" into a "serious medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *See* U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I).

However, the fact that COVID-19 is present in a correctional facility is not alone sufficient to qualify an inmate for compassionate release under the First Step Act. *See United States v. Williams*, Crim. No. PWG-13-544, 2020 WL 1434130, at *3 (D. Md. Mar. 24, 2020) (Day, M.J.) ("The existence of the present pandemic, without more, is not tantamount to a 'get out of jail free' card."). Instead, to qualify for compassionate release, an inmate must demonstrate that he (1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released. *See, e.g.*, *Wise*, 2020 WL 2614816, at *6-7 (discussing the danger that COVID-19 poses, and collecting cases finding that "serious chronic medical conditions and old age qualify" as compelling reasons

for compassionate release); *United States v. Austin*, Case No. 15-20609, 2020 WL 2507622, at *4-5 (E.D. Mich. May 15, 2020) (finding that even if the defendant's petition was timely, release would be improper, even though he both was immunocompromised and had heart disease, because there were no COVID-19 cases at his prison), *aff'd*, 825 F. App'x 324 (6th Cir. 2020); *United States v. Harper*, Crim. No. 7:18-cr-00025, 2020 WL 2045381, at *3 & n.3 (W.D. Va. Apr. 28, 2020) (release justified by the defendant's age, heart condition, COPD, emphysema, and asthma, coupled with the fact that the prison he was housed at had "the fourth largest number of infections among federal prisons in the country"); *United States v. Mel*, No. TDC-18-0571, 2020 WL 2041674, at *3 (D. Md. Apr. 28, 2020); *United States v. Shah*, Case No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. Apr. 22, 2020) (denying release, in part, because there were no COVID-19 cases at the inmate's facility, and the prison was making efforts to protect inmates).

The analysis under the first prong of this two-part inquiry is heavily guided by the Center for Disease Control's ("CDC's") published risk factors for incurring a severe, life-threatening case of COVID-19.  *People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://tinyurl.com/y9chuzkm (last updated May 13, 2021).  Downer does suffer from hypertension and asthma, which appear on the CDC's list.

Even if Downer were deemed to have one or more underlying conditions that elevated his risk, however, he would not be automatically entitled to compassionate release.  Downer declined to avail himself of a COVID-19 vaccine, authorized for emergency use by the FDA, when such vaccination was offered to him by the BOP.  ECF 572.  Courts now widely recognize that a refusal to take preventative measures to protect oneself from COVID-19 undermines any assertion that the risk of viral infection constitutes an extraordinary and compelling reason justifying release.  *See, e.g.*, *United States v. Martin*, Case No. 1:05CR21, 2021 WL 1168696, at *2 (N.D. W. Va.

Mar. 26, 2021) (collecting cases), *appeal docketed*, No.21-6528 (4th Cir. Apr. 7, 2021); *United States v. Siegel*, Cr. No. TDC-03-0393, 2021 WL 962491 (D. Md. Mar. 15, 2021) (premising a decision to deny compassionate release, in part, on the fact that the defendant "has refused to accept vaccination, a more direct means of protecting herself from COVID-19 than full release from prison"), *appeal docketed*, No. 21-6426 (4th Cir. Mar. 23, 2021). Any decision to the contrary would create a perverse incentive in favor of declining the vaccine, undermining the BOP's efforts to protect its incarcerated population and to allow prison operations to return to some degree of normalcy in the coming months. In fact, information available on the BOP's website indicates that there are no inmate cases of COVID-19 at North Lake Correctional Facility Low, perhaps because a significant number of its inmates and staff have been inoculated. *See COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (follow "Full breakdown and additional details …" hyperlink; then follow "privately-managed prisons" hyperlink) (last visited June 10, 2021). Thus, presently, Downer is at no greater risk of contracting COVID-19 in his facility than he would be in society. Viral numbers in general are greatly reduced, as millions of Americans have now been vaccinated. Moreover, the numbers of reported significant adverse effects in vaccinated individuals are extremely low. *See Johnson & Johnson's Janssen COVID-19 Vaccine Overview and Safety*, Ctrs. For Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/janssen.html (noting that though most side effects are mild, a serious blood clotting side effect occurs at a rate of about seven per one million vaccinated women between eighteen and forty-nine years old and is even less common for men of all ages) (last updated June 1, 2021). At this point in time, then, the COVID-19 pandemic does not create an extraordinary and compelling reason permitting further review of Downer's motion, ECF 546, which will be denied by separate order.

DATED: June 11, 2021                          /s/
                                                         Stephanie A. Gallagher
                                                         United States District Judge