IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES | * |
| v. | * Crim. Case No.: SAG-11-0050 |
| HUBERT DOWNER, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On June 11, 2021, this Court issued an opinion denying defendant Hubert Downer's motion for compassionate release. ECF 573. In that opinion, this Court concluded that Mr. Downer had not established an "extraordinary and compelling reason" justifying further consideration of compassionate release, due to the limited COVID-19 related risks at the time and Mr. Downer's declination of the vaccine against the virus. *Id.* Less than one year later, on May 20, 2022, Mr. Downer filed another motion for compassionate release, again citing COVID-19 risks as his extraordinary and compelling reason, along with the percentage of his sentence he has served and his age and other health conditions. ECF 581 at 5-8. The Government has opposed Mr. Downer's renewed motion, ECF 592, and Mr. Downer filed a reply. ECF 600. This Court has considered all of the filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons that follow, Mr. Downer's Motion again will be denied.

## LEGAL STANDARDS

To reiterate the legal standards from the earlier opinion, as part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a

reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." § 603(b)(1). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. *Id.* Once a motion for compassionate release is properly filed, the Court (1) determines whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release; (2) considers whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction; and (3) ensures that the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. High*, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021).

I.  ANALYSIS

It appears that Mr. Downer again adequately exhausted his administrative remedies. *See* ECF 592 at 1 (Government acknowledgement that Mr. Downer has met the administrative prerequisites). However, even assuming that this gatekeeping requirement has been satisfied, this Court concludes that Mr. Downer's instant motion still fails to establish an "extraordinary and compelling reason" warranting further consideration of compassionate release. In addition, this Court holds in the alternative that even if Mr. Downer had established an extraordinary and compelling reason, the sentencing factors in 18 U.S.C. § 3553(a) do not support compassionate release at this time.

Congress has charged the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). In response, the Commission defined "extraordinary and compelling reasons" to exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over sixty-five years old, has failing health, and has served at least ten years or seventy-five percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) "other reasons" as determined by the BOP. *See* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1 (A)–(D) (U.S. Sentencing Comm'n 2018) [hereinafter "U.S.S.G."]. Where the defendant files his own motion, though, this Court has authority to consider any "extraordinary and compelling reason" he might raise, regardless of the BOP's more limited definitions. *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020).

As this Court described in its earlier opinion, Mr. Downer has certain medical conditions that place him at higher risk of COVID-19 related complications. Such medical conditions, however, do not automatically entitle a defendant to compassionate release. Mr. Downer has continued to decline to avail himself of a COVID-19 vaccine. ECF 572. While certain courts have viewed this issue differently, and while this Court would not make a blanket statement that an unvaccinated individual could never establish a COVID-based extraordinary and compelling reason, it has generally aligned with many courts that recognize that a refusal to take preventative measures to protect oneself from COVID-19 undermines the assertion that the risk of viral infection constitutes an extraordinary and compelling reason justifying release. *See, e.g.*, *United States v. Martin*, Case No. 1:05CR21, 2021 WL 1168696, at *2 (N.D. W. Va. Mar. 26, 2021)

3

(collecting cases), *appeal docketed*, No.21-6528 (4th Cir. Apr. 7, 2021); *United States v. Siegel*, Cr. No. TDC-03-0393, 2021 WL 962491 (D. Md. Mar. 15, 2021) (premising a decision to deny compassionate release, in part, on the fact that the defendant "has refused to accept vaccination, a more direct means of protecting herself from COVID-19 than full release from prison"), *appeal docketed* No. 21-6426 (4th Cir. Mar. 23, 2021). Mr. Downer, like all other inmates, may of course make his own decision about whether or not to accept vaccination. But this Court's finding that his unvaccinated status is irrelevant to or supports a finding of increased COVID risk would create a perverse incentive in favor of declining the vaccine. Such rulings undermine the BOP's efforts to protect its incarcerated population and to allow prison operations to maintain some degree of normalcy. A voluntary decision not to avail oneself of protective measures available to incarcerated inmates must be considered in the analysis of COVID risk in the jail setting.

Mr. Downer's specific circumstances do not overcome the systemic concerns described above. He is presently incarcerated at FCI Fort Dix. Information available on the BOP's website indicates that there are presently just two inmate cases and five staff cases of COVID-19 at that facility, perhaps because a significant number of its inmates and staff have been inoculated.[1] *See COVID-19 Coronavirus*, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited October 6, 2022). Thus, presently, despite the reduced unavailability of social distancing in prison facilities, Mr. Downer is not at significantly greater risk of contracting COVID-19 at FCI Fort Dix than he would be in society. Viral numbers and serious complications have declined greatly from COVID's peak, as millions of Americans have now been vaccinated and even more particularized

---

[1] When Mr. Downer filed the instant motion, it was almost five months ago and he was incarcerated at North Lake Correctional Facility, before being moved to Fort Dix. ECF 581. His timeline highlights the difficulty in considering COVID-19 risk as an extraordinary and compelling reason, given the constantly shifting nature and extent of any such risk, which depends on the current "wave" of the virus and the particular facility in which an inmate is housed.

booster vaccines are available to target the recent variants. Moreover, the numbers of reported significant adverse effects in vaccinated individuals are extremely low. At this point in time, then, the COVID-19 pandemic does not create an extraordinary and compelling reason permitting further review of Mr. Downer's motion.

This Court has also considered the other factors Mr. Downer cited, in combination with his COVID risk. Specifically, Mr. Downer argues that he has served more than half of his twenty-year sentence. That sentence, however, was already on the lower end of sentences commonly seen in this Court for murder offenses, and just half of that sentence would be well-below a customary penalty for such a serious crime. Mr. Downer also argues that his age (in his early sixties) and his visual issues support compassionate release. At present, however, this Court finds Mr. Downer's health status to be in line with others in his age range, and his medical records are similarly unremarkable as to the severity of any chronic issues he faces. Whether taken individually or in combination, then, the factors he cites do not meet the "extraordinary and compelling reason" threshold.

In the alternative, however, this Court concludes that even if the record had evidenced an extraordinary and compelling reason, the § 3553(a) factors would weigh against his release. Looking at the history and characteristics of Mr. Downer, he has a great deal of support from his family members and friends who have written letters on his behalf. ECF 570-1. He had a relatively extensive, though older, criminal history of mostly drug offenses before his involvement in this offense. He was in the United States illegally at the time of the murder, having returned just one year after being deported the last time. ECF 413 at 12. His eight children and his mother all live in this country. *Id.* at 13. He has no significant, verifiable employment history. *Id.* at 14. While he may be approaching an age that would be a compelling factor, he is not yet there, and as noted

above his medical conditions are not of a severity suggesting that early release is warranted. The nature of his instant offense, as described above, weighs heavily in favor of the sentence originally imposed, which was already a low sentence for a person with involvement in a drug trafficking conspiracy and murder.  The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment would be undermined by a sentencing reduction to just eleven years in a murder case, as would considerations of general deterrence.  And the advisory sentencing guidelines, even after all relevant departures, prescribed a much higher range than Mr. Downer eventually received.  In light of all of those other factors, this Court does not conclude that Mr. Downer's history and characteristics presently warrant reduction to just over half of his initial sentence.  The § 3553(a) factors continue to support a sentence of twenty years' incarceration.

      For the foregoing reasons, Mr. Downer's motion for compassionate release, ECF 581, will be denied by separate order.


Date:  October 6, 2022                          /s/
                                                  Stephanie A. Gallagher
                                                  United States District Judge