IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES | * | |
| v. | * | Crim. Case No.:  SAG-11-0050 |
| HUBERT DOWNER, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

This Court has issued two prior opinions denying defendant Hubert Downer's motions for compassionate release. ECF 573, 601. At those times, this Court concluded that Mr. Downer had not established an "extraordinary and compelling reason" justifying further consideration of compassionate release. *Id.* Mr. Downer has now filed a third motion for compassionate release, citing his age and his worsening health conditions as his extraordinary and compelling reason, in addition to the inability of the Bureau of Prisons to provide him with adequate medical care. ECF 622. The Government has again opposed Mr. Downer's renewed motion, ECF 630. The parties have submitted a number of supplemental filings and medical exhibits, sometimes following Court orders requesting updated information about Mr. Downer's medical condition and care. ECF 638, 639, 640, 641, 643, 644, 646, 662, 666, 669, 672. This Court has considered all of the filings, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Mr. Downer's Motion will be granted[1] and he will be ordered released to the detainer filed by Immigration and Customs Enforcement as of his sixty-fifth birthday on October 15, 2025.

---

[1] Mr. Downer also filed a Motion to Grant Motion for Compassionate Release, ECF 634, which will be denied as moot.

I.      **LEGAL STANDARDS**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *United States v. Brown*, 78 F.4th 122, 128 (4th Cir. 2023). But as part of the First Step Act, enacted in December, 2018, Congress expanded 18 U.S.C. § 3582(c), permitting courts to reduce an existing term of imprisonment where "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i) (2018); Pub. L. No. 115-391, tit. VI, § 603(b), 132 Stat. 5194, 5239-41 (2018). While previously, any motion for compassionate release had to be initiated by the Bureau of Prisons ("BOP"), the First Step Act granted defendants the ability to move the Court for a reduction in their sentence for "extraordinary and compelling reasons." § 603(b)(1); 18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant's motion can be filed with the Court, one of two conditions must be satisfied: (1) the defendant must have exhausted all administrative remedies to appeal the BOP's failure to bring a motion on his behalf, or (2) thirty days must have lapsed "from the receipt of such a request by the warden of the defendant's facility," whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Once a motion for compassionate release is properly filed, the Court engages in a two-step process: determining whether "extraordinary and compelling reasons" render the inmate eligible for compassionate release and considering whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A)(i).

The Fourth Circuit has held that "[w]hen deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court may grant a reduction only if it is 'consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020). The relevant policy statement is U.S.S.G. § 1B1.13, entitled "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)" (the "Policy Statement"). The

Sentencing Commission recently amended that Policy Statement, with the amendments taking effect on November 1, 2023.

## II.     ANALYSIS

Congress instructed the United States Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). 28 U.S.C. § 994(t). In response, in its November, 2023 amendments, the Commission defined "[e]xtraordinary and compelling reasons" to exist in relevant part where the defendant is at least 65 years old, is experiencing a serious deterioration in physical or mental health because of the aging process, and has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. USSG § 1B1.13(b)(2). Mr. Downer will meet each of those criteria as of his sixty-fifth birthday on October 15, 2025. It is abundantly clear from the medical records that he is experiencing a serious deterioration in his physical health as he ages. As of May 13, 2025, his current medical conditions included asthma, a right-sided renal mass or cyst, hyperlipidemia, cataracts and other vision problems, hypertension, prostate issues, sickle-cell trait, Vitamin D deficiency, rheumatoid arthritis, systemic sclerosis, edema, and prediabetes, among others. ECF 669-1 at 276, 292, 319. He is currently under the care of multiple specialists, and his medical records for 2024-2025 span about 400 pages in length. ECF 669-1. Moreover, the BOP has demonstrated a continuing inability to provide Mr. Downer with adequate specialist care, as the records show that he is waiting months to receive tests and appointments with various specialty providers after orders are placed. For example, following a long wait, Mr. Downer was evaluated by a rheumatologist for inflammatory arthritis on April 22, 2024. ECF 643-1. The doctor recommended follow-up in six weeks. *Id.* at 9. Medical records reflect that Mr. Downer did not see another rheumatologist until another "initial visit" with an entirely different doctor one year

3

later, on April 4, 2025. ECF 669-1 at 354. There is no reason, at this point, to believe that the situation will improve.

Mr. Downer has been incarcerated since March 18, 2011, and is serving a twenty-year sentence. His present anticipated release date, with good time credit, is in April of 2027. He has easily served "at least 10 years."

This Court also concludes that, as of October 15, 2025, the § 3553(a) factors will support Mr. Downer's release. Mr. Downer has a great deal of support from his family members and friends who have written letters on his behalf. ECF 570-1. He had a relatively extensive, though older, criminal history of mostly drug offenses before his involvement in this more serious offense. His age now constitutes a compelling factor supporting his release, and his medical conditions, including visual limitations, joint pain, and a kidney cyst or mass that has not received thorough evaluation, are severe enough to drastically reduce the risk he poses to public safety. The nature of his instant offense weighs in favor of the sentence originally imposed, but he has already served the vast majority of that sentence, has no disciplinary record, and is now about eighteen months shy of his anticipated release. The need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment and general deterrence would not be undermined by the relatively modest reduction in his remaining sentence. In light of all of those factors, this Court concludes that as of October 15, 2025, the § 3553(a) factors will warrant a reduction of Mr. Downer's sentence to time served, to allow him to seek adequate medical care for his various issues outside the confines of the BOP.

For the foregoing reasons, Mr. Downer's motion for compassionate release, ECF 622, will be GRANTED by separate order to take effect on October 15, 2025, modifying his sentence to

time served. Given his immigration status, he will be released to the detainer lodged by Immigration and Customs Enforcement.

                                                                /s/
                                          Stephanie A. Gallagher
                                          United States District Judge